FILED

08/12/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0376

DA 23-0376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 182N

IN THE MATTER OF:

M.S.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DI 23-10
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Tammy A. Hinderman, Appellate Defender Division Administrator,
Kathryn Grear Hutchison, Assistant Appellate Defender, Helena,
Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Selene Koepke,
Assistant Attorney General, Helena, Montana

        Chad Glenn, Park County Attorney, Livingston, Montana

Submitted on Briefs:  June 25, 2025

Decided:  August 12, 2025

Filed:

                        _____
                               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 M.S. appeals the June 5, 2023 Findings of Fact, Conclusions of Law, and Dispositional Order of the Sixth Judicial District Court, Park County. We affirm.

¶3 The State filed a petition for commitment of M.S. to the Montana State Hospital (MSH) on May 24, 2023. The petition was based on police responding to disruptions M.S. caused at a hotel. M.S. was violating a protective order and having delusional thoughts the mafia and police were trying to kill him. M.S. also threatened to shoot law enforcement and accused them of having ties with the mob. Prior to the hearing on the petition, in its Order of Appointments and Setting Hearing Date, the District Court appointed M.S.'s son, M.S. Jr., to act as friend for the commitment proceedings.[1]

¶4 The District Court held a hearing on May 30, 2023. The court heard testimony from Ms. Brewton who conducted a psychological evaluation of M.S. Ms. Brewton diagnosed M.S. as suffering from unspecified bipolar and related disorder as he had paranoia, delusions about his safety, was not compliant in taking his medications, did not understand

---

[1] A "friend" of the respondent is "any person willing and able to assist a person suffering from a mental disorder and requiring commitment or a person alleged to be suffering from a mental disorder and requiring commitment in dealing with legal proceedings, including consultation with legal counsel and others." Section 53-21-102(9), MCA.

2

why he was at the MSH, and believed he was there for his protection from the Park County police. She also testified that she believed M.S. could not take care of himself or meet his basic needs. Based on the evidence presented, the District Court committed M.S. to the MSH for no more than 90 days.

¶5 The issue on appeal is whether the District Court violated the statutory requirements of § 53-21-122, MCA, and M.S.'s due process rights when it appointed M.S. Jr. as a friend for M.S.

¶6 On appeal, M.S. argues the District Court did not inquire whether there was a conflict of interest between M.S. and M.S. Jr. as appointed friend. The District Court also did not determine if M.S. consented to the appointment. Rather, the District Court appointed M.S. Jr. based on the State's petition for commitment that stated M.S. Jr. was willing and able to act as the friend of respondent. According to M.S., this procedure was a violation of his due process rights.

¶7 "Due process claims in involuntary civil commitment cases are subject to plenary review." *In re S.D.*, 2018 MT 176, ¶ 8, 392 Mont. 116, 422 P.3d 122 (citation omitted). We examine the commitment order to determine whether the "district court's findings of fact are clearly erroneous and its conclusions of law are correct." *In re S.D.*, ¶ 8. We generally do not address issues raised for the first time on appeal; but due to the nature of involuntary commitment proceedings, we may use plain error review to address unpreserved issues. *In re M.K.S.*, 2015 MT 146, ¶ 13, 379 Mont. 293, 350 P.3d 27. Plain error review is appropriate when "failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental

3

fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *In re M.K.S.*, ¶ 13 (citations and internal quotations omitted).

¶8 "If the court finds that an appropriate person is willing and able to perform the functions of a friend of respondent as set out in this part and the respondent personally or through counsel consents, the court shall appoint the person as the friend of respondent." Section 53-21-122(2)(b), MCA. "The statute mandates appointment of a friend only when the court has determined that an appropriate person is willing to perform that function; it does not obligate the court to seek out, investigate, or offer a friend[.]"[2] *In re C.R.*, 2012 MT 258, ¶ 22, 367 Mont. 1, 289 P.3d 125. The court may designate a different friend for good cause at the request of the respondent or if the court determines a conflict of interest exists between the respondent and friend. Section 53-21-122(2)(b), MCA.

¶9 While M.S. is correct the District Court did not inquire whether there was a conflict of interest or if M.S. consented to the appointment of his son as friend, M.S. did not object to the appointment at any point in the proceedings. The record shows the court did not discuss appointing a friend at either the initial May 24, 2023 hearing or the May 30, 2023 hearing on the petition. The record also shows M.S. did not request a different friend, request to remove the current friend, or request that a friend be present for the hearing. Further, M.S. Jr. was not present at the hearing, did not testify at the hearing, and did not consult with M.S. on the matter. Thus, no prejudice towards M.S. resulted from the court's

---

[2] In 2009, the Legislature amended § 53-21-122(2), MCA, to remove the mandatory appointment of a friend; appointment is now permissive. *Compare* § 53-21-122(2), MCA (2007), *with* § 53-21-122(2), MCA (2009).

4

appointment of M.S. Jr. as friend of the respondent—it was as if the court did not appoint any friend at all.

¶10 Nevertheless, even if M.S. had a friend he consented to present at the hearing, the outcome would have been the same. Evidence presented at the hearing established that M.S. was currently a danger to himself and others, he suffered from unspecified bipolar and related disorders, he refused to take his medications, he did not understand or acknowledge his mental illness, and he was experiencing delusional thoughts. Based on the evidence from his mental health evaluation, the District Court did not err in committing M.S. to MSH, despite the procedural mistakes in appointing M.S. Jr. as friend of the respondent.

¶11 For the reasons above, we decline to address this issue under the plain error doctrine. M.S. has not established on appeal how a manifest miscarriage of justice resulted from appointing his son as friend of the respondent.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ KATHERINE M BIDEGARAY
/S/ JAMES JEREMIAH SHEA

5